J-S84028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAUN PATRICK AUSTIN | |
| Appellant | No. 886 EDA 2016 |

Appeal from the PCRA Order Dated February 19, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002008-2008

BEFORE:  OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 21, 2016**

Appellant, Shaun Patrick Austin, appeals *pro se* from the order denying his most recent petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The PCRA court denied relief on the basis that Appellant's petition was untimely.  Upon review, we affirm.

On September 18, 2009, a jury convicted Appellant of 96 counts of possession of child pornography.[1]  On December 22, 2009, the trial court sentenced Appellant to an aggregate 72 to 192 years' incarceration.  **See Commonwealth v. Austin**, 66 A.3d 798, 801 (Pa. Super.), **aff'd**, 77 A.3d 1258 (Pa. 2013) (table).  On direct appeal, this Court affirmed Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6312(d).

convictions, but held that his sentence was excessive, and remanded for resentencing. On January 13, 2012, the trial court held a new sentencing hearing, after which it imposed an aggregate sentence of 35 to 70 years' incarceration. Appellant filed another direct appeal, and we affirmed the judgment of sentence on May 13, 2013. *Austin*, 66 A.3d at 810. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 22, 2013. *Austin*, 77 A.3d 1258.

On February 28, 2014, Appellant filed a timely PCRA petition. Appointed counsel filed an amended PCRA petition, and, after conducting hearings, the PCRA court denied relief on April 10, 2015. Appellant filed a timely appeal, which ultimately was discontinued upon praecipe of Appellant's counsel on December 10, 2015. In the meantime, on May 8, 2015, Appellant filed the *pro se* petition at issue in this appeal. The PCRA court explained:

> On May 8, 2015, [Appellant] filed a pro se document entitled "Pro Se Nunc Pro Tunc PCRA." Therein, [Appellant] memorialized his intention to discontinue the representation of his prior PCRA counsel, and he sought to reinstate a PCRA petition filed on February 28, 2014, as amended to include [myriad other issues].

PCRA Ct. Op., 6/17/16, at 1. Treating this filing as a serial PCRA petition, the PCRA court concluded that it was untimely and that Appellant did not raise or prove a time-bar exception. This appeal followed.

Preliminarily, we recognize our Supreme Court's directive:

- 2 -

> ***We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review***. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (emphasis added).

The language in ***Lark*** militates in favor of a finding that Appellant's May 8, 2015 *pro se* PCRA petition was premature, because his February 28, 2014 PCRA petition was pending before the Superior Court when he filed his May 8, 2015 petition. However, given the convoluted procedural posture of this case, including Appellant's relating of his May 8, 2015 petition to his February 28, 2014 petition, the ultimate discontinuation by counsel of the February 28, 2014 petition on December 10, 2015, and the PCRA court's consideration of the May 8, 2015 petition, we, like the PCRA court, examine the petition filed by Appellant on May 8, 2015.

In reviewing the propriety of the PCRA court's order denying Appellant relief, we are limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the factual findings of the PCRA court, "but its legal

determinations are subject to our plenary review." *Id.* The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that no genuine issues of material fact have been raised, no legitimate purpose would be served by further proceedings, and the petitioner is not entitled on the merits to post-conviction relief. Pa. R.Crim.P. 908(B).

In his *pro se* brief, Appellant presents the following issues:

1. Is a second PCRA petition the proper procedure to request relief from ineffective PCRA counsel?

2. Did the Court err when it failed to rule on the request to proceed Nunc Pro Tunc on the Habeas Corpus Appeal[?]

3. Did PCRA Counsel render ineffective assistance of counsel when he failed to litigate issues raised in the initial PCRA?

4. Do the following issues meet the Pierce and PCRA ineffectiveness standard?

   a.) Was Pre-trial attorney ineffective for failing for present Appellant's testimony to suppress the confessions?

   b.) Was trial and pre-trial counsel ineffective for failing to present witness Jen McDaniel?

   c.) Was pre-trial counsel ineffective for failing to raise instances of police misconduct to impeach police officers' testimony?

   d.) Were trial and pre-trial counsel ineffective for failing to respond appropriately to Prosecutorial Misconduct?

   e.) Was pre-trial counsel ineffective for failing to raise "Does seizure of licensed and lawfully owned firearm constitute custody?"

   f.) Was resentencing counsel ineffective for failing to raise claim of "Sentence Retaliation", reliance on erroneous mental health reports, and reliance on improper factors?

Appellant's Brief at 10.

We conclude that we lack jurisdiction to consider these issues because the PCRA court correctly determined that Appellant's most recent PCRA petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[2] A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim could first have been presented." ***Hernandez***, 79 A.3d at 652 (citing 42 Pa.C.S. § 9545(b)(2)). Asserted

---

[2] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citation omitted), *appeal denied*, 959 A.2d 927 (Pa. 2008) (table).

The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 22, 2013. Appellant did not file a petition for writ of certiorari with the United States Supreme Court, and as a result, his judgment of sentence became final ninety days after October 22, 2013 — on Tuesday, January 21, 2014.[3] *See* U.S. Sup. Ct. R. 13; 42 Pa.C.S. § 9545(b)(3). He thus had to file his PCRA petition within one year, by January 21, 2015, for it to be timely. 42 Pa.C.S. § 9545(b)(1). As Appellant filed the instant petition on May 8, 2015, his petition is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, 79 A.3d at 651.

Within both his petition and his brief, Appellant neither acknowledged the PCRA's time bar nor attempted to prove any exception to it. When a PCRA petitioner fails to preserve a claim of PCRA counsel's ineffectiveness before the PCRA court, he or she may raise the claim in a serial petition, but that petition must be timely. *See generally Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super.) (*en banc*), *appeal denied*, 101 A.3d 786 (Pa.

_____

[3] Monday, January 20, 2014, was the Martin Luther King, Jr. holiday. *See generally* 1 Pa.C.S. § 1908.

2014) (table). Thus, even if Appellant's May 8, 2015 PCRA petition was properly before the PCRA court, he failed to plead and prove any timeliness exception. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2016